IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OMAR BIBI, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 23-00153-KD-B |
| | * |
| VAUGHAN REGIONAL MEDICAL | * |
| CENTER, LLC, | * |
| | * |
|     Defendant. | * |

## ORDER

This action is before the Court on review. The docket reflects that Defendant Vaughan Regional Medical Center, LLC made its initial filings in this action on May 26, 2023 (Docs. 5, 6); however, Defendant has not filed a corporate disclosure statement as required by Federal Rule of Civil Procedure 7.1 and S.D. Ala. CivLR 7.1.

This Court's Local Rules provide that all non-governmental artificial entities appearing as parties are required to file a corporate disclosure statement along with the initial filing on behalf of that party or within seven days after the initial filing. S.D. Ala. CivLR 7.1(a). The purpose of the disclosure statement is to enable the Judges of this Court to determine the need for recusal pursuant to 28 U.S.C. § 455 or otherwise. S.D. Ala. CivLR 7.1(c). Moreover, counsel have the continuing obligation to amend a party's disclosure statement to reflect relevant changes. Id.

Additionally, as relevant here, Federal Rule of Civil Procedure 7.1 requires a party in an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a) to file a disclosure statement that names and identifies the citizenship of every individual or entity whose citizenship is attributed to that party. Fed. R. Civ. P. 7.1(a)(2). To identify the citizenship of a limited liability company or other unincorporated entity, a party must list the citizenship of all members of that entity. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). And, where a member of that entity is also a limited liability company or unincorporated entity, its members must also be identified continuing on through however many layers of partners or members there may be. See Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1220 (11th Cir. 2017).

Accordingly, Defendant is **ORDERED** to file its corporate disclosure statement on this Court's required disclosure statement form on or before **September 1, 2023**. In the disclosure statement, Defendant must disclose each member of the limited liability company (and, where applicable, each of its members' members) and the members' citizenships for purposes of diversity jurisdiction.

Defendant's corporate disclosure statement must comply with S.D. Ala. CivLR 7.1, which requires the following:

The Disclosure Statement shall identify the represented

2

entity's general nature and shall identify all parents, subsidiaries, partners, members, managers, trustees, affiliates, and similarly related persons and entities. Members of a trade association or professional association need not be identified.  For purposes of this Rule, an "affiliate" is an entity that directly, or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with, the specified entity; a "parent" is an affiliate that controls such entity directly, or indirectly through intermediaries; a "subsidiary" is an affiliate controlled by such entity directly, or indirectly through one or more intermediaries; and a "trade association" is a continuing association of numerous organizations or individuals operated for the purpose of promoting the general commercial, professional, legislative or other interests of the membership.

S.D. Ala. CivLR 7.1(b).

This Court's disclosure statement form can be found on the Court's external website.[1]

**ORDERED** this **25th** day of **August, 2023.**

                                                    **/s/ SONJA F. BIVINS**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

[1] https://www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf