IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

OMAR BIBI,                           *
                                     *
        Plaintiff,                   *
                                     *
vs.                                  *  CIVIL ACTION NO. 23-00153-KD-B
                                     *
VAUGHAN REGIONAL MEDICAL             *
CENTER, LLC,                         *
                                     *
        Defendant.                   *

## ORDER

This action is before the Court on review of Plaintiff Dr. Omar Bibi's amended complaint. (Doc. 9). For the reasons set forth below, the Court finds that Plaintiff has not alleged sufficient facts to show that complete diversity of citizenship exists among the parties. Accordingly, the Court finds it appropriate to order Plaintiff to amend his complaint in order to cure his defective jurisdictional allegations.

The amended complaint states that "Plaintiff Dr. Omar Bibi is an adult resident of Harris County, Texas." (Id. at 1). It further states that "Defendant Vaughan Regional Medical Center, LLC ('VRMC') is a Tennessee limited liability company doing business at VRMC in Selma, Dallas County, Alabama." (Id.). And it alleges that "[t]his Court has subject matter jurisdiction over this matter pursuant to Dr. Bibi seeking an amount that exceeds the jurisdictional minimum of this Court and the parties are

residents of different USA states." (Id.). In the amended complaint, Plaintiff asserts state law claims for defamation, intentional interference with business and contractual relations, and suppression/fraud. (Id. at 6-9). Thus, Plaintiff is evidently invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a), which "exists where the suit is between citizens of different states and the amount in controversy exceeds . . . $75,000." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

Defendant Vaughan Regional Medical Center, LLC filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 11). Plaintiff filed a response in opposition to the motion to dismiss (Doc. 16), and Defendant filed a timely reply. (Doc. 17). Defendant has not challenged - in its motion or elsewhere - the existence of diversity jurisdiction in this case. However, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). And, upon reviewing the jurisdictional allegations in the amended complaint, the Court finds it unclear whether complete diversity of citizenship exists in this case.

"When a plaintiff files suit in federal court, [he] must allege facts that, if true, show federal subject matter

2

jurisdiction over [his] case exists." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013). Where, as here, federal jurisdiction is invoked based upon diversity of citizenship, the complaint's factual allegations "must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." Id. An allegation of "[r]esidence alone is not enough." Id. at 1269; see Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").

For a natural person, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Id. at 1257-58 (quotations omitted); see also Travaglio, 735 F.3d at 1269 (noting that "domicile requires both residence in a state and an intention to remain there indefinitely") (quotation omitted).

For purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).

Therefore, "a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership" to sufficiently allege the citizenships of these types of unincorporated business entities.  Id.; see also S.D. Ala. CivLR 8 ("A pleading . . . asserting jurisdiction based on diversity of citizenship must identify the citizenship of each party to the litigation. . . . If any party is an unincorporated association, limited liability company, or partnership, the pleading . . . must identify the citizenship of all members."). Moreover, "[i]f a member of an LLC is itself an LLC, the citizenship of the LLC must be traced through however many layers of partners or members there may be." Silver Crown Invs., LLC v. Team Real Est. Mgmt., LLC, 349 F. Supp. 3d 1316, 1324 (S.D. Fla. 2018) (quotation omitted).[1]

Given the foregoing, Plaintiff's allegations supporting diversity of citizenship are plainly deficient.  First, the amended complaint identifies only Plaintiff's county and state of residence and does not allege his citizenship as required.  See

---

[1] The Court notes that the "existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989).  Thus, the "party invoking diversity jurisdiction must allege the citizenships of the parties at the time suit is filed in federal court." Rush v. CarMax Auto Superstores, Inc., 2021 U.S. App. LEXIS 23224, at *3, 2021 WL 3418839, at *1 (11th Cir. Aug. 5, 2021) (per curiam).

Travaglio, 735 F.3d at 1268.  Second, the amended complaint states that Defendant "is a Tennessee limited liability company" but does not list the citizenships of each of the members of the limited liability company as required.  See Rolling Greens, 374 F.3d at 1022.  Third, the amended complaint purports to base subject matter jurisdiction, in relevant part, on the parties being "residents of different USA states"; however, citizenship, not residence, is the key fact that must be alleged to establish diversity jurisdiction.  See Taylor, 30 F.3d at 1367.  Thus, the Court finds that Plaintiff has not alleged sufficient facts to show complete diversity.[2]

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 n.1 (11th Cir. 1984).  In light of the defects identified above, the Court finds it necessary for Plaintiff to amend his jurisdictional allegations to demonstrate that complete diversity of citizenship exists.

Accordingly, Plaintiff is **ORDERED** to file a second amended complaint on or before **September 8, 2023,** for the **sole purpose** of

---

[2] With respect to the other prong of diversity jurisdiction, the Court finds that the amended complaint's allegations are sufficient to show that the amount in controversy in this action exceeds $75,000.

amending the allegations in the "PARTIES" and "JURISDICTION" sections of the amended complaint to sufficiently allege the citizenships of the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).[3]

Plaintiff is cautioned that if he fails to amend as ordered within the prescribed time, he may forfeit any entitlement to cure his defective jurisdictional allegations at any later stage of the case, and the undersigned will recommend that this action be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).  If Plaintiff timely files a second amended complaint as ordered, Defendant shall file its response to the amended pleading no later than **September 15, 2023.**

DONE this **25th** day of **August, 2023.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The Court emphasizes that Plaintiff is **not** being granted leave to amend his complaint for any purpose other than curing his defective jurisdictional allegations.

6