IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OMAR BIBI, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CRIMINAL NO. 23-00153-KD-B |
| | * |
| VAUGHAN REGIONAL MEDICAL | * |
| CENTER, LLC, | * |
| | * |
| Defendant. | * |

**ORDER**

This action is before the Court on review. On September 7, 2023, Defendant Vaughan Regional Medical Center, LLC filed a supplemental corporate disclosure statement that stated the following:

> Vaughan Regional Medical Center, LLC is a Delaware limited liability company that has two members. PRHC-Alabama, LLC, a Delaware limited liability company that owns 99%, is the Class A Member, and Vaughan Place Senior Living Community, Inc., an Alabama Non-Profit Corporation with principal address in Alabama that owns 1%, is the Class B Member. PRHC-Alabama, LLC is wholly owned by member Knight Healthcare New-C Sub, LLC, which is a Delaware limited liability company that is wholly owned by member Knight Healthcare New-C LLC, which is a Delaware limited liability company that is wholly owned by member Knight Healthcare New-C P LLC, which is a Delaware limited liability company that is wholly owned by member Knight Healthcare New-B, LLC, which is a Delaware limited liability company that is wholly owned by member Knight Health II, LLC, which is a Delaware limited liability company that is wholly owned by member Knight Health Holdings LLC, which is a Delaware limited liability company that is wholly owned by member Knight Intermediate Holdings, LLC, which is a Delaware limited liability company that is wholly owned by member Knight

> Parent, L.P., which is a Delaware limited partnership owned by certain investment funds and investment vehicles managed by affiliates of Apollo Global Management, Inc., a publicly-traded company on the NYSE, directly or indirectly through special purpose holding companies, one of the limited partners of which is Fire and Police Pension Fund, San Antonio, a Texas entity created and governed by Texas law, and is thus a Texas citizen for jurisdictional purposes. That citizenship is imputed to Vaughan Regional Medical Center, LLC for jurisdictional purposes because there is an unbroken chain of limited liability companies and limited partnerships between the Texas citizen and Vaughan Regional Medical Center, LLC.

(Doc. 21 at 1-2).

In his second amended complaint, filed on September 8, 2023, Plaintiff Dr. Omar Bibi alleges that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), because Plaintiff "is seeking an amount that exceeds $75,000 and the parties are citizens of different USA states." (Doc. 22 at 3). Specifically, Plaintiff alleges that he is a citizen of Texas, and that he "believes Defendant to be a citizen of Delaware and Alabama." (Id. at 1-2). The second amended complaint includes a footnote regarding Defendant's supplemental disclosure statement, which states the following:

> Defendant's Supplemental Conflict Disclosure Statement asserts that "Knight Parent, L.P., which is a Delaware limited partnership owned by certain investment funds and investment vehicles managed by affiliates of Apollo Global Management, Inc., a publicly-traded company on the NYSE, directly or indirectly through special purpose holding companies, one of the limited partners of which is Fire and Police Pension Fund, San Antonio, a Texas entity created and governed by Texas law, and is thus a Texas citizen for jurisdictional purposes. That

2

> citizenship is imputed to Vaughan Regional Medical Center, LLC for jurisdictional purposes because there is an unbroken chain of limited liability companies and limited partnerships between the Texas citizen and Vaughan Regional Medical Center, LLC." Doc. 29. Plaintiff cannot determine from this statement whether, in fact, the Texas entity is in the direct lineage of VRMC LLC and believes further briefing and/or discovery on this issue is required. It is not clear, for example, whether the "direct or indirect" management of the investment funds that own the L.P. affect the L.P.'s citizenship, or whether the Texas entity mentioned has any role whatsoever with respect to the funds and vehicles that own the L.P. Plaintiff asserts that he and the Court need more clarity before conceding the Court lacks jurisdiction.

(Id. at 2 n.1).

On September 14, 2023, Defendant filed a motion to dismiss Plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and a brief in support.  (Docs. 23, 24). Plaintiff has filed a response in opposition to the motion to dismiss (Doc. 25), and Defendant has filed a reply.  (Doc. 26). Defendant's most recent motion to dismiss was labeled as a motion to dismiss for lack of jurisdiction on CM/ECF.  (See Docket Entry for Doc. 23).  However, the motion itself addresses only Plaintiff's alleged failure to state a claim upon which relief can be granted, and it makes no argument that diversity of citizenship, and therefore subject matter jurisdiction, is lacking, despite Defendant's recent assertion that Texas citizenship is imputed to it for jurisdictional purposes.  (See Docs. 23, 24).

Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Federal courts must independently assure themselves that they have jurisdiction over a case at every stage, regardless of whether the parties raise the issue or agree that jurisdiction exists. See Plains Com. Bank v. Long Fam. Land & Cattle Co., 554 U.S. 316, 324 (2008) (noting that courts "bear an independent obligation to assure ourselves that jurisdiction is proper before proceeding to the merits" of a case).

In light of the foregoing, and upon consideration, this matter is set for an in-person status conference to address the issue of subject matter jurisdiction on **October 17, 2023**, at **10:00 a.m. (CDT)**, in **Courtroom 5A** of the United States District Courthouse, 155 St. Joseph Street, Mobile, Alabama 36602, before the undersigned Magistrate Judge.

**DONE** this **5th** day of **October, 2023**.

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**