IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OMAR BIBI, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *   CRIMINAL NO. 23-00153-KD-B |
| | * |
| VAUGHAN REGIONAL MEDICAL | * |
| CENTER, LLC, | * |
| | * |
|     Defendant. | * |

### REPORT AND RECOMMENDATION

This action is before the Court on the parties' Joint Motion to Dismiss Second Amended Complaint Without Prejudice (Doc. 34). In the instant motion, Plaintiff Dr. Omar Bibi and Defendant Vaughan Regional Medical Center, LLC request that the Court dismiss this action without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and 41(a)(2). Upon consideration, and for the reasons set forth below, the undersigned recommends that the motion be **GRANTED**.

Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3)

1

diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Additional, Federal Rule of Civil Procedure 41(a)(2) permits the dismissal of "an action . . . at the plaintiff's request . . . by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

The sole alleged basis for federal subject matter jurisdiction in this action is diversity of citizenship pursuant to 28 U.S.C. § 1332(a). (See Doc. 22). Federal district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). "Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity'— the citizenship of every plaintiff must be diverse from the citizenship of every defendant." Legg v. Wyeth, 428 F.3d 1317, 1321 n.2 (11th Cir. 2005).

In his operative second amended complaint, Plaintiff alleges that he is a citizen of Texas, and that he "believes Defendant to be a citizen of Delaware and Alabama." (Doc. 22 at 1-2). However, in the instant motion, the parties state that they "now agree that this court lacks subject matter jurisdiction in this case" because Plaintiff "is a citizen of the state of Texas" and Defendant "is

also a citizen of Texas for purposes of subject matter jurisdiction."[1]  (Doc. 34 at 2 (citing Docs. 22, 29)).

---

[1] On October 16, 2023, Defendant filed an amended corporate disclosure statement that stated, in relevant part:

> Vaughan Regional Medical Center, LLC is a Delaware limited liability company that has two members.  PRHC-Alabama, LLC, a Delaware limited liability company that owns 99%, is the Class A Member, and Vaughan Place Senior Living Community, Inc., an Alabama Non-Profit Corporation that owns 1%, is the Class B Member.  PRHC-Alabama, LLC is wholly owned by member Knight Healthcare New-C Sub, LLC, which is a Delaware limited liability company that is wholly owned by member Knight Healthcare New-C LLC, which is a Delaware limited liability company that is wholly owned by member Knight Healthcare New-C P LLC, which is a Delaware limited liability company that is wholly owned by member Knight Healthcare New-B, LLC, which is a Delaware limited liability company that is wholly owned by member Knight Health II, LLC, which is a Delaware limited liability company that is wholly owned by member Knight Health Holdings LLC, which is a Delaware limited liability company that is wholly owned by member Knight Intermediate Holdings, LLC, which is a Delaware limited liability company that is wholly owned by member Knight Parent, L.P., which is a Delaware limited partnership with limited partner AP IX KNT Holdings, L.P. which is a Delaware limited partnership with limited partner Apollo Investment Fund IX, L.P., which is a Delaware limited partnership with limited partner the Fire and Police Pension Fund, San Antonio. The Fire and Police Pension Fund, San Antonio was a limited partner on April 28, 2023, and remains a limited partner presently.  The Fire and Police Pension Fund, San Antonio is a Texas entity created and governed by Texas law and is a Texas citizen for jurisdiction purposes.  There is thus an unbroken chain of limited liability companies and limited partnerships between Fire and Police Pension Fund, San Antonio and Vaughan Regional Medical Center, LLC.

(Doc. 29 at 1-2).  On October 17, 2023, the Court held an in-person status conference to address the issue of subject matter jurisdiction.  (Doc. 32).  Based on its discussions with counsel

Based on the parties' representations that diversity jurisdiction does not exist because the parties lack complete diversity of citizenship, the undersigned recommends that the joint motion to dismiss (Doc. 34) be **GRANTED,** and that this action be **DISMISSED without prejudice** for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

---

for the parties at the status conference, the Court granted Plaintiff leave to conduct a deposition concerning Defendant's amended corporate disclosure statement and granted the parties leave to file supplemental briefs addressing subject matter jurisdiction by November 20, 2023. (Doc. 33). Instead of submitting briefs on the issue of subject matter jurisdiction, the parties filed the instant motion to dismiss on November 13, 2023. (Doc. 34).

4

informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **November, 2023.**

　　　　　　　　　　　　　　　　　**/s/ SONJA F. BIVINS**
　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**